```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
                                        :
BETSY RODRIGUEZ                         :
                                        :
v.                                      :  CIV. NO. 3:08CV00154(JCH)(HBF)
                                        :
MICHAEL J. ASTRUE,                      :
COMMISSIONER OF THE SOCIAL              :
SECURITY ADMINISTRATION                 :
```

### RECOMMENDED RULING ON MOTION FOR ATTORNEY'S FEES

Pending is plaintiff's motion for attorney's fees [Doc. #27] under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. In this motion, plaintiff's attorney, Charles A. Pirro, III, claims that he and Attorney Robert Musicant spent a total of 45.40 hours on this case in 2008 and 2009. Attorney Pirro requests fees in the amount of $170.84 per hour in 2008 and $180.00 per hour in 2009, yielding a total amount of $8,068.50.[1] Also pending is plaintiff's second motion for attorney's fees [Doc. #33], seeking compensation for an additional 10.80 hours in 2009 to litigate plaintiff's request for EAJA fees and respond to defendant's partial opposition. The combined total amount of

---

[1] Under the EAJA, the rate of compensation is capped at $125 per hour, which may be adjusted upward to account for increases in the cost of living or a special factor. 28 U.S.C. § 2412(d)(2)(A). The plaintiff seeks cost of living increases in 2008 and 2009 resulting in rates of $170.84 and $180.00, respectively, based on the Consumer Price Index. See Harris v. Sullivan, 968 F.2d 263, 265 (2d Cir. 1992)(holding that "cost of living" is not defined in EAJA and is "properly measured by the Consumer Price Index"). As the Commissioner does not challenge this rate and there is authority in this district to award fees in this amount (See Doc. #33 at 3-4 (citing cases); App. 1 (cases attached)), the court will accept Attorney Pirro's requested rates of $170.84 and $180.00.

attorney's fees requested by the plaintiff is $10,012.50.

For the reasons that follow, plaintiff's Motion for Attorney's Fees **[Doc. #27]** and Supplemental Motion for Attorney's Fees **[Doc. #33]** are **GRANTED** in part and **DENIED** in part, in accordance with this ruling.

I. BACKGROUND

Plaintiff Betsy Rodriguez claimed disability as of November 1, 2002, because of a combination of severe physical and mental impairments. Her application for Supplemental Security Income was denied at the administrative level, and plaintiff appealed to this court. The defendant initially opposed plaintiff's claims but later proposed that plaintiff agree to remand her case to an ALJ for a new hearing. This motion follows the court's order remanding plaintiff's case pursuant to sentence four of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

II. DISCUSSION

Under the EAJA, a court may award reasonable attorney's fees to a prevailing party in a civil action against the United States unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust. See 28 U.S.C. § 2412(d)(1)(A) and (d)(1)(D)(2)(A). It is then left to the discretion of the district court to determine what fee is a'reasonable.a' Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983). A court a "need not . . . scrutinize[] each action taken or the time spent on it," Aston v. Sec'y of Health

and Human Servs., 808 F.2d 9, 11 (2d Cir. 1986), but hours that are excessive, redundant or otherwise unnecessary should be excluded from a fee award. Hensley, 461 U.S. at 434. The court may also consider such relevant factors as the time and labor required, the novelty and difficulty of the factual and legal questions, counsel's skill and experience, and results obtained. Hensley, 461 U.S. at 430 n.3.

In this case, the Commissioner does not contest that plaintiff is the prevailing party, that the Commissioner was not substantially justified, and that plaintiff is entitled to some award of attorney's fees. The only issue before the court is the reasonableness of the fees requested. Defendant opposes the granting of this fee application in part, arguing that the amount sought is not reasonable because plaintiff is seeking fees for some activities that were not reasonably necessary and because the amount of fees sought for other activities is excessive. Specifically, defendant opposes any award for time spent preparing plaintiff's Motion for Extension of Time, requested because of a failure to prosecute. In addition, defendant argues that compensation for time spent reviewing the docket and court ECF notices, preparing plaintiff's memorandum of law, and preparing plaintiff's EAJA Petition should be reduced.

    A.   November 2008 Motion for Extension of Time

Defendant opposes any award for time expended on plaintiff's motion to extend time in response to the court's Order to Show Cause for failure to prosecute. This objection concerns 0.50

hours for services performed on November 21, 2008.

Though the amount of time expended to obtain extensions of time for a plaintiff's attorney's convenience has been disallowed in other cases (see Burr v. Bowen, 782 F. Supp. 1285, 1290 (N.D. Ill. 1992); Petronella v. Acas, No. Civ. 302cv01047(WWE), 2004 WL 1688525, at *3 (D. Conn. Jan. 23, 2004)), the circumstances of this case are distinguishable. The court finds that the extension of time was reasonably necessary for Attorney Pirro to get up to speed in a case with which he had no prior familiarity and undertook only because plaintiff's former counsel, Attorney Musicant, died. Further, Attorney Pirro's affidavit reflects that he met with plaintiff shortly after he was notified of the court's Order to Show Cause, and followed up by reviewing the Administrative Record without undue delay. As the reported 0.50 hours included time to prepare the Motion for Extension of Time as well as to write a letter to AUSA and review correspondence from AUSA, the court finds that thirty minutes to complete these tasks is reasonable and compensable. Accordingly, defendant's objection to 0.50 hours expended on plaintiff's motion for extension of time is overruled.

    B.   <u>Review of ECF Notices and Court Docket</u>

Defendant objects to time billed to review ECF notices and the docket on the following dates: November 7, 10, and 25, 2008; February 10 and 25, 2009; March 9 and 10, 2009; and April 22, 2009. Specifically, defendant argues that the hours billed should be reduced from 0.20 hours to 0.10 hours or excluded entirely,

contending that substantial billing frustrates the intent of the electronic filing system. This court has recognized that "ECF notices have taken the place of pleadings," and "review of pleadings has always been work performed by counsel of record." Roth v. Astrue, Civ. No. 3:08cv00436(SRU)(WIG), slip op. at 8 (D. Conn. Apr. 28, 2009)(Recommended Ruling on Plaintiff's Motions for Attorney's Fees Under the Equal Access to Justice Act, approved and adopted June 5, 2009). The court agrees that the time billed for this activity should be compensable, subject to the following adjustments. See Rivera v. Astrue, Civ. No. 07cv01049(SRU)(WIG), slip op. at 7-8 (D. Conn. June 18, 2009)(Recommended Ruling on Plaintiff's Motions for Attorney's Fees Under the Equal Access to Justice Act, approved and adopted 2009).

On November 7, 2008, Attorney Pirro's Affidavit documents that he spent 0.20 hours reviewing the Court ECF Notice and Docket, presumably referring to the notice of his appearance. [Doc. #27-2 Pirro Aff. at 4]. Defendant argues that the "government should not be required to compensate for a plaintiff's counsel's review of a ECF notice of Appearance he filed." [Doc. #29 at 3]. The court finds that it was reasonable and appropriate for counsel to spend time reviewing the docketing of this notice to ensure accuracy; however, the court finds 0.10 hours to be sufficient time to review this notice, considering the fact that the ECF notice was generated because of plaintiff's own filing and required no response. Therefore, the court will

reduce the requested time by 0.10 hours.

On November 10, 2008, Attorney Pirro billed 0.60 hours to "review correspondence from AUSA and complete copy of Administrative Record; review Court ECF Notice and Docket." [Doc. #27-2 Pirro Aff. at 4]. Defendant argues that 0.20 hours should be subtracted because there was no docket entry in this case on or about November 10, 2008. The court finds plaintiff's explanation that the court issued an ECF Notice on November 8, 2009, unpersuasive, as no such entry exists on the docket. Accordingly, the court grants defendant's objection and will subtract 0.20 hours from plaintiff's requested time.

Attorney Pirro spent 0.20 hours reviewing a court ECF notice and order on February 10, 2009, presumably referring to the Order to Show Cause issued by the court on February 9, 2009, because of plaintiff's failure to prosecute. Defendant objects, stating that "[t]he government should not be required to compensate for the review of an order issued entirely due to plaintiff's counsel's failure to file in a timely manner." [Doc. #29 at 3]. The court finds that the time spent reading the court order and determining how to proceed was reasonable, and the court will not reduce the time requested for this entry.

Lastly, on February 25, March 9 and 10, and April 22, 2009, Attorney Pirro billed a total of 0.80 hours to review court ECF notices and the docket. Defendant contends that this amount of time should be reduced by half. The court agrees with defendant that 0.10 hours is a reasonable amount of time to review an order

referring the case to a Magistrate Judge (February 25), a notice resetting the deadlines (March 10), and an order granting defendant's motion for extension of time (April 22) when Attorney Pirro had already reviewed the draft motion on April 20 and the final motion on April 21. The court will allow plaintiff's billing of 0.20 hours on March 9, 2009, to remain unchanged in recognition of the possibility that Attorney Pirro may have required additional time to review defendant's final motion for extension of time as he had only reviewed a draft previously. The court therefore reduces plaintiff's total in 2009 by 0.30 hours.

    C.    Preparation of Plaintiff's Memorandum

Plaintiff billed a total of 26.20 hours for reviewing the administrative record and drafting a memorandum of law between February 13 and 17, 2009. Defendant argues that this amount should be reduced by six hours. In response, plaintiff's Reply brief cites Hogan v. Astrue, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008), which states that "[g]enerally, district courts in this Circuit have held that a routine social security case requires from twenty to forty hours of attorney time" in total. Plaintiff also pointed out that where the specific circumstances warrant it, "courts do not hesitate to award fees in excess of the twenty to forty hours." Id. Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings. See Hogan, 539 F. Supp. 2d at 682; Lechner v. Barnhart, 330 F.

7

Supp. 2d 1005, 1012 (E.D.W.I. 2004); Rivera v. Commissioner of Social Security, No. 05cv4465(NG), 2009 WL 1924772, at *2 (E.D.N.Y. July 2, 2009); Roth, Civ. No. 3:08cv00436(SRU)(WIG), slip op. at 4.

Initially, the court recognizes the unusual circumstances that Attorney Pirro faced in having to take over this case after his colleague died. Additional time to familiarize himself with the rather large record (468 pages) of a client when he did not represent at the administrative level therefore seems reasonable. Attorney Pirro extracted the relevant medical reports and testimony to craft a thirty-two page memorandum setting forth seven major issues on appeal. Nevertheless, the court finds a slight reduction warranted. As stated above, the court has a duty to shave off those hours that are "excessive, redundant or otherwise unnecessary." Hensley, 461 U.S. at 434. Based on counsel's experience of over thirty years representing social security claimants in more than 200 cases, combined with the routine and straightforward nature of the factual and legal issues involved in this case, the court finds it appropriate to exercise its discretion in applying a reasonable percentage reduction "as a practical means of trimming fat from a fee application." New York Association for Retarded Children v. Carey, 711 F.2d 1136, 1146 (2d Cir. 1983). Accordingly, the court reduces the fee for Attorney Pirro's services in reviewing the administrative record and preparing the memorandum by three

hours, slightly more than 11 percent.[2]

    D.   <u>Time Spent Litigating Fee</u>

Plaintiff has requested compensation for a total of 14.50 hours expended by plaintiff's counsel in establishing his fee. It is undisputed that time expended in establishing a fee is compensable.  See <u>Thomas v. Board of Trustees of Regional Community Colleges</u>, 599 F. Supp. 331, 335 (D. Conn. 1984). However, "the attorney's fees for litigating the fee application itself must themselves be reasonable, as must all claimed fees under the act."  <u>Trichilo v. Secretary of Health and Human Services</u>, 823 F.2d 702, 708 (2d Cir. 1987) (citing 28 U.S.C. § 2412(d)(2)(A)). After careful review of plaintiff's first and second Motion for Attorney's Fees, accompanying memoranda, and supporting documentation, the court declines to accept defendant's full requested reduction of 7.80 hours. Despite the defendant's argument, the court believes that plaintiff's attorney may have "reasonably spent" a greater amount of time on his second Motion and Memorandum than the first even though it was shorter in length, as it was carefully tailored to the defendant's arguments in opposition. <u>Id.</u> Accordingly, the court adjusts plaintiff's request for compensation for time spent in establishing a fee by 4.00 hours to a more appropriate amount of 10.50 hours.

---

    [2]The court finds that, without more detail in counsel's billing entries, that an across-the-board deduction is appropriate.

III. CONCLUSION

For the reasons stated, plaintiff's Motion for Attorney's Fees **[Doc. #27]** and Supplemental Motion for Attorney's Fees **[Doc. #33]** are **GRANTED** in part and **DENIED** in part as follows: (1) for Attorney Musicant's time in 2008, 5.90 hours multiplied by an adjusted hourly rate of $170.84, totaling $1,007.96; (2) for Attorney Pirro's time in 2008, 5.10 hours multiplied by an adjusted hourly rate of $170.84, totaling $871.28; and (3) for Attorney Pirro's time in 2009, 26.80 hours multiplied by an adjusted hourly rate of $180.00, totaling $4,824.00. The court awards attorney's fees for a total amount of $6,703.24.

Any objections to this recommended ruling must be filed with the Clerk of the Court within ten (10) days of the receipt of this order. Failure to object within ten (10) days may preclude appellate review. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; Rule 2 of the Local Rules for United States Magistrates; Small v. Secretary of H.H.S., 892 F.2d 15 (2d Cir. 1989).

Entered at Bridgeport this 3rd day of September 2009.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE