### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BETSY RODRIGUEZ | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3-08-cv-154 (JCH) |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| COMMISSIONER, SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| Defendant. | : | MARCH 29, 2010 |

**RULING GRANTING MOTION TO REOPEN THE ORDER (Doc. No. 40) AND MODIFYING RECOMMENDED RULING (Doc. No. 36) RE: MOTION FOR ATTORNEY FEES (Doc. No. 27), SECOND MOTION FOR ATTORNEY FEES (Doc. No. 33)**

**I.     INTRODUCTION**

Plaintiff, Betsy Rodriguez, claimed disability as of November 1, 2002.  Her application for Supplemental Security Income was denied administratively, and Rodriguez appealed to this court.  On May 4, 2009, judgment was entered, and the case was remanded for further administrative proceedings.  See Judgment (Doc. No. 26).

Subsequently, Rodriguez moved for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), codified at 28 U.S.C. section 2412.  See Motion for Attorney Fees (Doc. No. 27); Second Motion for Attorney Fees (Doc. No. 33).  On September 3, 2009, Magistrate Judge Fitzsimmons entered a Recommended Ruling granting in part and denying part the Motions for Attorney Fees, and awarded amounts to both Attorney Musicant, Rodriguez's original lawyer, and Attorney Pirro, counsel that represented Rodriguez after Attorney Musicant's death.  See Recommended Ruling (Doc. No. 36).

-1-

Absent objection, the court affirmed, adopted, and ratified the Recommended Ruling on September 24, 2009.  See September 24, 2009 Order (Doc. No. 39).  Rodriguez now moves the court to reopen its Order affirming, adopting, and ratifying the Recommended Ruling, and objects to the amount of attorney fees awarded within that Order.  See Motion to Reopen the Order (Doc. No. 40); Objection to Recommended Ruling (Doc. No. 41).  For the reasons that follow, the Motion to Reopen is granted, and the Recommended Ruling is modified in part.

## II.   DISCUSSION

### A.   Motion to Reopen the Order

Federal Rule of Civil Procedure 72(b)(2) provides that a party may file specific written objections to a recommended ruling, ""[w]ithin 10 days after being served with a copy of the recommended disposition. . . ."  FED. R. CIV. PROC. 72(b)(2).[1]  The Recommended Ruling regarding Rodriguez's Motions for Attorney Fees was docketed on September 3, 2009, and Rodriguez did not file an objection within ten days of that filing.  Because there was no objection, this court entered an Order affirming, adopting, and ratifying the Recommended Ruling.  See September 24, 2009 Order.  Rodriguez objected to the Recommended Ruling only on November 25, 2009.

Despite the fact that Rodriguez did not adhere to the ten-day time limit articulated within Rule 72, the court concludes that the Motion to Reopen the Order should be granted.  The ten-day time limit imposed by Rule 72 is a procedural rule adopted "for the orderly transaction of its business," and does not act as a jurisdictional

---

[1] Effective December 1, 2009, Rule 72 provides that a party has fourteen (14) days, not ten (10) days, to file an objection to a recommended ruling.  See FED. R. CIV. PROC. 72(b)(2).

bar.  See Bowles v. Russell, 551 U.S. 205, 211 (2007) (concluding that the filing deadlines in the Bankruptcy Rules are "not jurisdictional").  Indeed, other circuits have declined to extend the rule barring appeal beyond the ten-day time period where "objections to the magistrate judge's recommendation . . . [are] not egregiously late and caused not even the slightest prejudice to the appellees."  Kruger v. Apfel, 214 F.3d 784, 787 (7th Cir. 2000).  In this case, Rodriguez's objection to the Recommended Ruling, while late due to counsel's serious illness, was not egregiously late.  Further, the defendant has not claimed that any prejudice will result from the timing of Rodriguez's objection.  Indeed, in responding to the Motion to Reopen, the defendant did not offer any objection as to the timeliness of that Motion.  Because the court has jurisdiction to reopen its Order, and because the defendant does not object to the fact that Rodriguez's Motion to Reopen was made beyond the ten-day time period for making such an objection, the court grants Rodriguez's Motion to Reopen the Order affirming, adopting, and ratifying the Recommended Ruling.

      B.    Modification of Recommended Ruling

     In its September 3, 2009 Recommended Ruling, the Magistrate Judge awarded $1,007.96 in fees to Attorney Musicant, $871.28 in fees to Attorney Pirro for services rendered in 2008, and $4,824.00 in fees for 2009.  See Recommended Ruling at 10.  In her Objection to the Recommended Ruling, Rodriguez does not challenge the amount awarded to Attorney Musicant.  Rodriguez contends that the Ruling failed to adequately compensate Attorney Pirro for both work performed in 2008 and work performed in 2009.

1.      2008 Award

Rodriguez originally sought a fee award for 5.40 hours of work for Attorney Pirro in 2008, and sought compensation at a rate of $170.84 per hour.  Although the compensation rate was not contested, the Magistrate Judge lowered the hour total from 5.40 to 5.10 hours.  Specifically, the Magistrate Judge reduced the November 7, 2008 claim by .10 hours because it deemed .20 hours to be an excessive amount of time to review a Court ECF notice.  See id. at 5.  Further, Magistrate Judge Fitzsimmons reduced the November 10, 2008 claim of .60 hours (for "review[ing] correspondence from AUSA and complete copy of Administrative Record" and for "review [of] Court ECF Notice and Docket" by .20 hours because "there was no docket entry in this case on or about November 10, 2008.  Id. at 6.

The court concludes that Rodriguez's attorney is entitled to the full 5.40 hours claimed in 2008.  This amount does not seem excessive in light of the complex nature of the case, and the large size of the administrative record.  Further, although the Magistrate Judge found that there was no docket entry in this case on or about November 10, 2008, the docket indicates that there was such an entry on November 7, 2008.  See Notice of Appearance (Doc. No. 12).  Therefore, the Recommended Ruling is modified to award Attorney Pirro the entire 5.40 hours he claimed in 2008.  Given the agreed upon rate of $170.84 per hour, Attorney Pirro is awarded $922.54 in total for the services performed during that year.

2.      2009 Award

Rodriguez sought compensation for Attorney Pirro in the amount of 44.90 hours for 2008 at a rate of $180 per hour.  Of the claimed 44.90 hours, 35.80 hours were

-4-

attributable to litigating the merits of Rodriguez's claim, and 14.50 hours were attributable to litigating the claim for attorney fees.  While Magistrate Judge Fitzsimmons accepted the $180 per hour rate, she reduced Attorney Pirro's hours from 44.90 to 26.80.  As Rodriguez points out, and as defendant concedes, this 26.80 hour figure was arrived at partially through mathematical error.  Magistrate Judge Fitzsimmons found that the 2009 hour total should be reduced by 7.3 hours.  Even if the court were to agree with the substance of that assessment, such a reduction would yield a total of 37.60 hours, not 26.80.  The court agrees that the Recommended Ruling should be modified so as to correct this error in arithmetic.

Furthermore, although the Magistrate Judge determined that the fees should be reduced by 7.3 hours, this court does not entirely agree.  The first reduction of the 2009 hour total related to the time Attorney Pirro billed for reviewing Court ECF records.  Magistrate Judge Fitzsimmons reduced the eight-tenths of an hour (.80 hours) Attorney Pirro billed by three-tenths of an hour (.30 hours) because, in her estimation, three of the notices could reasonably be reviewed in one-tenth of an hour (.10 hours), not the two-tenths of an hour (.20 hours) that Attorney Pirro claimed.  As Rodriguez notes however, a review of each Court ECF notice does not only entail reading the actual emailed notice.  Instead, the eight-tenths of an hour (.80 hours) claimed includes:

> the time needed to read the email, go to the Court's website and log on, call up the Docket Sheet, review the Docket entries, review the text of the document, Motion, or Order, print copies thereof, make notations in the file of any actions that needed to be taken in response to the Court's Orders, record any deadlines for taking action in the file and in the office's calendars and 'tickler system,' log off, and put the copies of the documents in the case file.

Plaintiff's Objection to the Recommended Ruling of September 3, 2009 (Doc. No. 41) at 9.  As such, the court concludes that the eight-tenths of an hour (.80 hours) amount is reasonable and should not be reduced.

Next, the Magistrate Judge applied a percentage reduction "as a practical means of trimming fat from a fee application."  Recommended Ruling at 8 (quoting New York Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1146 (2d Cir. 1983).  Because the Magistrate Judge believed that a slight reduction was warranted, the 2009 hours were reduced by three (3.0) hours, or slightly less than eleven percent (11%).  This court concludes, however, that although an across-the-board percentage reduction is sometimes appropriate in certain cases, this is not such a instance.  As the Magistrate Judge acknowledged, the circumstances of this case presented unique challenges for Attorney Pirro.  Attorney Pirro had to quickly familiarize himself with the materials following the death of Attorney Musicant, the attorney who represented Rodriguez at the administrative stage of her claim.  This task was made even more difficult by the fact that the administrative record is extremely voluminous (468 pages).  See Recommended Ruling at 8.  Further, the case presented complex issues, as Attorney Pirro identified "seven major issues" on appeal.  Id.  In light of the scope and complexity of the legal work Attorney Pirro performed, the court concludes that 35.80 hours is a reasonable amount of time to spend litigating the merits of Rodriguez's claim.  See Hogan v. Astrue, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008) ("Generally, district courts in this Circuit have held that a routine social security case requires from twenty to forty hours of attorney time.") Therefore, the court concludes that the Recommended Ruling should be modified so as to eliminate the overall three (3.0) hour reduction for 2009.

Finally, while Rodriguez requested 14.50 hours in 2009 for time spent litigating the attorney fee award, the Magistrate Judge reduced that hour figure by four (4) hours, to 10.50 hours.  See Recommended Ruling at 9.  Although it is undisputed that time expended in establishing a fee is compensable, the court concludes that 14.50 hours constitutes an inappropriately large amount of time.  Therefore, with regard to this reduction, the Magistrate Judge appropriately reduced the hour total to a reasonable amount of 10.50 hours.

Ultimately, the court concludes that the 44.90 hours Rodriguez sought to recover shall only be reduced by four (4) hours that relate to the amount of compensation Attorney Pirro seeks for work performed on the attorney fee litigation.  Therefore, for 2009, Attorney Pirro is entitled to compensation for 40.90 hours, at a rate of $180 per hour, or $8,082.

## III.   CONCLUSION

For the foregoing reasons, Rodriguez's Motion to Reopen the Order (Doc. No. 40) is granted.  The Recommended Ruling is affirmed, adopted, and ratified in part.  Attorney Musicant's award of $1,007.96 remains unchanged.  Attorney Pirro's 2008 fee award is altered to $922.54, an amount that reflects compensation for the full 5.40 hours that he claimed for that year.  Attorney Pirro's 2009 fee award is modified to $8,082, the appropriate compensation for 40.90 hours.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 29th day of March, 2010.


 /s/ Janet C. Hall
Janet C. Hall
United States District Judge